**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGJI QUAN, | No. 09-73454 |
| Petitioner, | Agency No. A075-657-318 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 8, 2014
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Petitioner Yongji Quan ("Quan"), a native and citizen of China and claimed

Falun Gong practitioner, petitions for review of the Board of Immigration Appeals'

("BIA's") affirmation of an immigration judge's ("IJ's") denial of relief pursuant

to the Convention Against Torture ("CAT"). We deny the petition because Mr.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Quan has not established that he is more likely than not to be tortured should he return to China.[1]

An applicant seeking CAT protection bears the burden of establishing: (1) that it is more likely than not that he will suffer intentionally cruel and inhuman treatment; and (2) that this treatment will have been "'inflicted by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity.'" *Abufayad v. Holder*, 632 F.3d 623, 631-32 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(1)). While reasonable minds could differ as to whether the petitioner faced more than a 50% chance of torture upon return, we may not grant the petition unless a reasonable factfinder would be compelled to conclude that the BIA's determination that Mr. Quan failed to meet his heavy burden of showing a clear probability of torture should he return to China is incorrect. *Id.* at 633; *see also Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (accepting the IJ's finding of past persecution, but concluding that the BIA properly "found that the record as a whole provided insufficient evidence to establish that it was 'more likely than not' that [the petitioner] would be tortured by the . . . government" in the future).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

Mr. Quan claimed to have been arrested and held for three days for holding Falun Gong meetings in a residential apartment in Beijing. He maintains that he was beaten on the first day of his captivity, suffering injury to his right arm. However, Mr. Quan was unable to produce a record of his arrest. Further, the record of the hospital visit that he alleges was for treatment of injuries incident to his arrest does not mention his arm; rather, it cites chronic fatigue, aches and weakness throughout the preceding year. Moreover, Mr. Quan testified that he was able to practice Falun Gong without further problems during the three years that he remained in China following his arrest. Although Mr. Quan's documentary evidence suggests that some Falun Gong practitioners in China may face the possibility of torture, we cannot find that it compels a finding that it is "more likely than not that [Mr. Quan] would be tortured if removed to [China]." 8 C.F.R. § 1208.16(c)(2); *see also Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) ("Although the reports confirm that torture takes place in [the petitioner's native country], they do not compel the conclusion that [the petitioner] would be tortured if returned.").[2]

**PETITION DENIED.**

---

[2] Because this decision is dispositive, we do not address other arguments raised by the parties.